IN THE MATTER OF THE PROPOSED VILLAGE OF ELBA.

*Villages — incorporation of — what resident population they must contain — review of the proceedings by a county judge — by the General Term — 1870, chap. 291, as amended by chap. 92 of 1873.*

Chapter 291 of 1870, regulating the incorporation of villages, provides (tit. 1, § 1) that " any part of any town or towns not in any incorporated village containing a resident population of not less than three hundred persons, and if it shall include in its boundaries a territory of more than one square mile in extent containing a resident population of not less than three hundred persons in each and every additional square mile· of territory included within such boundaries, may be incorporated."

*Held*, that whenever the territory to be included in the boundaries of a proposed village exceeds one square mile in extent, the additional territory to be included therein must have at least three hundred persons residing within it.

That· where the territory of the proposed village consisted of about one and a-quarter square miles, and the population residing within it consisted of four hundred and twenty-seven persons, the village could not be incorporated under the act.

Where a majority of such persons have voted in favor of organizing a village, as prescribed in the act, the county judge may, upon an appeal being taken as prescribed therein, set aside the election.

*Quære*, as to whether an order so made by him is appealable to the General Term of this court.

APPEALS from two orders made by the county judge of Genesee county, in proceedings to incorporate a village.

Certain residents of the town of Elba in Genesee county, N. Y., for the purpose of incorporating " The Village of Elba," under the village act of 1870, having complied with the requirements of the said act preliminary to the lawful holding of such election, an election was held on the 2d day of December, 1882, to determine the question of the incorporation of such territory.

At such election 106 votes were cast, sixty being in favor and forty-six against such incorporation. The certificate of election

was filed in the Genesee county clerk's office. Afterwards, Alva U. Willis appealed to the county judge of Genesee county to have such election annulled and set aside, and another election ordered to determine the question of the incorporation of such territory.

At the hearing on the appeal it was proven that the number of inhabitants within the territory to be incorporated was 427, and that there were about one and a-quarter square miles of land embraced in it.

On the 28th day of December, 1882, the county judge made three several orders in the matter.

*Number* 1. Declaring the election appealed from illegal, by reason that there is not the requisite population resident within the territory embraced in the proposed village to authorize such election to be held.

*Number* 2. Orders another election to be held to determine the said question of incorporation as authorized and required by law.

*Number* 3. Directs repayment to the appellant of the $100 deposited by him on the appeal.

From orders numbers one and three this appeal is brought.

*W. C. Watson* and *George Bowen*, for the appellants, persons desiring to incorporate said village.

*Myron H. Peck, Jr.*, for the respondents, opposed.

HARDIN, J.:

Territory included within the proposed village is about one square mile and a quarter. Population, 427. Majority of votes were for the proposed village. Was the election legal?

By section 1 of 1 Revised Statutes (7th ed.), 884, it is provided that " any part of any town or towns not in any incorporated village containing a resident population of not less than *three* hundred persons, and if it shall include in its boundaries a territory of *more than one* square mile in extent, containing a resident population of *not less than* three hundred persons in each, and every additional square mile of territory *included* within such boundaries may be incorporated as a village under the provisions of this act, by complying therewith." If the territory was one square mile then a population of 300 would be sufficient to comply with the provision quoted. Thus, a territory having that number may be incorpo-

rated. Thus the other provision is general, and provides for "additional square miles of territory," to be included within the boundaries of the proposed village. But the statute declares, that " each additional square mile, containing a resident population of *not less* than three hundred persons," * * * may be incorporated. The statute provides a mode, and that mode and the requirements of the statute must be complied with, or the statute cannot be availed of. We are not to give it any more minute provisions than we find written in its language. We incline to the opinion that whenever the territory exceeds one square mile, each additional territory must have at least 300 persons within its bounds. We therefore agree with the conclusion reached by the county judge. Section 11 of of the act (ch. 291, tit. 1, Laws of 1870) provides that a petition may be presented to the county judge, "specifying the irregularities in and objections to such election." Also, that "his decision as to the *legality* or illegality of such election *shall* be rendered." If the construction we have given the statute be correct, it would seem to follow that the election was illegal, and that the proceedings had prior thereto, based upon a *contra* construction, were irregular and illegal inasmuch as they did not conform to the statute. Though such irregularities or departure from the statute might be reached by a *certiorari*, yet it is obvious that it was the intention of the legislature, by section 11, to provide for taking the " irregularities and objections " arising, in the early proceedings, before a county judge summarily. We think it was proper for him to declare an election held under such irregular proceedings invalid, upon the appeal taken to him. The order declaring the election held illegal should be affirmed. It may be observed that we have not deemed it necessary to pass upon the question raised by counsel, as to whether the order was appealable, as upon the merits we have reached the conclusion that it is right. Order affirmed, with ten dollars costs and disbursements, to be paid by appellants.

Order directing the return of money deposited also affirmed, without costs.

SMITH, P. J., and BARKER, J., concurred.

Order affirmed, with ten dollars costs and disbursements. Order directing the return of the money deposited affirmed, without costs.